UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN J. HANES,<br><br>                    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 04-CR-604W<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY** |

The Ninth Circuit has ordered this Court to either grant or deny a certificate of appealability ("COA") in the instant case. (Doc. No. 399.) The Court decides the matter without oral argument. See S.D. Cal. Civ. R. 7.1.(d.1). And for the reasons discussed below, the Court **DENIES** Petitioner a COA.

I.  **BACKGROUND**

On March 21, 2008, a jury found Petitioner Kathryn J. Hanes ("Petitioner") guilty of one count of conspiracy and four counts of tax evasion. (Doc. No. 252.) On November 17, 2008, this Court entered the judgment in Petitioner's criminal case. (Doc. No. 341.) She was ordered to surrender herself to the United States Bureau of Prisons, for a term of 18 months, by noon on December 5, 2008. (Id.) On December 22, 2008, Petitioner, proceeding *pro se*, attempted to commence habeas corpus proceedings pursuant to 28 U.S.C. § 2255. This Court rejected that filing because

1 Petitioner was not yet in custody.  In fact, as of today, she is still out on bond pending
2 her direct appeal. (Doc. No. 356.)  Petitioner has appealed the rejection of her habeas
3 petition to the Ninth Circuit. (Doc. No. 381.)  On March 6, 2009, the Ninth Circuit
4 remanded that appeal to this Court for the limited purpose of granting or denying a
5 certificate of appealability ("COA"). (Doc. No. 399.)

## II.   LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a…habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270.  A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

## III.   DISCUSSION

On January 14, 2009, in the Notice of Appeal for the current matter, Petitioner wrote that she is "Sentenced to custody - out on bond pending 9(b) motion." (Doc. 381.)  Thus, as mentioned above, Petitioner is not currently incarcerated.  The requested habeas relief is only available to individuals who are in federal custody. See

1  28 U.S.C. § 2255. As such, this Court lacked jurisdiction to accept the document and
2  consider Petitioner's request. Further, the definiteness of the custody prerequisite makes
3  it certain that no reasonable jurist would find this Court's rejection of Petitioner's
4  habeas filing debatable or wrong.

### IV.  CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's request for a Certificate of Appealability.

**IT IS SO ORDERED**

DATED: March 13, 2009

_____
Hon. Thomas J. Whelan
United States District Judge