# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN J. HANES,<br>　　　　　　　　　　Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　Respondent. | CASE NO. 04-CR-0604 W<br>　　　　　　09-CV-1473 W<br><br>**ORDER DENYING PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2255**<br>**(Doc. No. 439.)** |

On March 21, 2008, a jury found Petitioner Kathryn Hanes ("Petitioner") guilty of conspiracy and four counts of tax evasion. (Doc. No. 341 at 1). Subsequently, this Court sentenced Petitioner to eighteen months on each count, to run concurrently. (Doc. No. 341 at 1.) Pending before the Court is Petitioner's motion to vacate her sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 439). The Court takes the matter under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **DENIES** Petitioner's motion.

I.   BACKGROUND

On March 5, 2004, Petitioner, along with co-defendant Madonna Hanes, was indicted on five counts of conspiracy and tax evasion. (Doc. No. 1). The trial did not

1  start until March 11, 2008, more than four years after Petitioner's indictment. (Doc. No.
2  234). Shortly thereafter, on March 21st, a jury found her guilty on all five counts of the
3  indictment. (Doc. No. 252.)
4       On July 6, 2009, Petitioner filed a motion to vacate the judgment and her
5  sentence. (Doc. No. 422.) More than a month later, Petitioner amended that motion.
6  (Doc. No. 439.) In response, the Court set a briefing schedule, giving the Government
7  until November 13, 2009, to respond and Petitioner until December 28, 2009, to file her
8  traverse. (Doc. No. 440.) On November 12, 2009, the Government filed their
9  opposition. (Doc. No. 449.) Petitioner filed a traverse. (Doc. No. 452.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See Addonizio, 442 U.S. at 184-85. But this does not encompass all claimed errors in conviction and sentencing. Id. at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

### III.  DISCUSSION

Petitioner contends that the Government violated the Speedy Trial Act when it failed to bring her to trial by October 3, 2004. (Doc. No. 439 at 2.)  Further, she argues that the failure by her court-appointed attorney to file a pre-trial motion to dismiss her case on this ground constitutes ineffective assistance of counsel. Id.  As such, she seeks an order vacating judgment and setting aside her sentence pursuant to 28 U.S.C. § 2255. Id.

The Government's response to Petitioner's claim hinges on the strict standards for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 688 (1984).  In support of their opposition, the Government also supplied the Court with hearing transcripts in which Petitioner consented, on five different occasions, to defense-requests for continuances. (Doc. No. 449 at 4; Doc. No. 453.)

In Reply, Petitioner claims that the Government has "missed the point" and insists that her attorney Mr. Knut Johnson "intentionally and willfully" failed to file a motion for a violation of the Speedy Trial Act, which would have resulted in a mandatory dismissal of the indictment. (Doc. No. 452 at 1.)  The Court strongly disagrees.

In Barker v. Wingo, the Supreme Court set out a four-factor test for determining whether delay between the initiation of criminal proceedings and the beginning of trial violates a defendant's Sixth Amendment right to a speedy trial. Barker, 407 U.S. 514 (1972).  The test requires the court to consider the length of the delay, the cause of the delay, the defendant's assertion of her right to a speedy trial, and the presence or absence of prejudice resulting from the delay. Id. at 530-533.

In Petitioner's case, the delay was more than four years.  However, the delays were caused almost exclusively by the defense.  Petitioner filed countless motions to dismiss, fired several attorneys, and filed one motion to recuse the judge. (See generally Doc. Nos. 10-233).  The defense also requested numerous continuances, to which Petitioner consented in open court. (Doc. No. 453.)  For example, on December 27,

2007, the following exchange occurred between this Court and Petitioner:

> THE COURT: MS. KATHRYN HANES, IS THAT GOING TO BE AGREEABLE WITH YOU, MA'AM, IF I CONTINUE YOUR TRIAL DATE AGAIN?
>
> DEFENDANT: YES, YOUR HONOR.

(Doc. No. 453.) In light of the evidence presented—and this Court's own familiarity with this case—the cause of the delay cannot weigh against the Government.

Petitioner's argument concedes that her speedy trial rights were not asserted, a failure she attributes to Mr. Johnson. The Court is also unable to find prejudice resulting from the delay. Frequently, the extensions of time were necessary for the defense to properly review this "complex" case. (See Doc. No. 46 (where Chief Judge Irma Gonzalez declares Petitioner's case to be complex.)) In one particular instance, Mr. Johnson requested a continuance, over Government objection, in order to properly assemble trial exhibits out of 300,000 pages of discovery. (Doc. No. 453 at 3.)

In sum, the Court has reviewed the arguments presented and is familiar with the case. A motion to dismiss the indictment before trial pursuant to the Speedy Trial Act would not have been meritorious. Barker, 407 at 530-533; See also 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A).

Returning to the ineffective assistance of counsel claim, the Court must also address whether Mr. Johnson's failure to file a pre-trial motion to dismiss on the grounds of the Speedy Trial Act survives Strickland. 466 U.S. at 688. It does not.

Under Strickland, a lawyer's performance is constitutionally deficient only when it "so undermines the proper functioning of the adversarial process that the [proceedings] cannot be relied upon as hav[ing] produced a just result." Id. at 687. Petitioner bears the burden of demonstrating that: (1) Mr. Johnson's "performance was so deficient that it fell below an 'objective standard or reasonableness,'" Hensley v. Crist, 67 F.3d 181, 184–85 (9th Cir. 1995) (quoting Strickland, 466 U.S. at 688), and

1  (2) that Mr. Johnson's deficient performance caused her prejudice, in that, "but for
2  counsel's unprofessional errors, the result of the proceeding would have been different."
3  Id.(quoting Strickland, 466 U.S. at 694).

4  Petitioner has done an admirable job addressing her perceived legal claim, but she
5  has not put forth any argument or evidence to indicate that the delays in her case were
6  not tactical decisions. See Taylor v. Illinois, 484 U.S. 400, 418 (1988) (stating that "the
7  adversary process could not function effectively if every tactical decision required client
8  approval.") And given the complexity of this case, the Court believes that it was
9  objectively reasonable to seek time in which to develop a defense.

10  Even assuming that Petitioner asked Mr. Johnson to file the motion to dismiss,
11  it may have been unethical for him to do so. See *ABA Model Rules of Professional*
12  *Conduct*, Rule 3.1 (West, 2009) ("A lawyer shall not bring or defend a proceeding, or
13  assert or controvert an issue therein, unless there is a basis in law and fact for doing so
14  that is not frivolous.") Most importantly, as discussed above, if Mr. Johnson had filed
15  the motion to dismiss based upon a violation of the Speedy Trial Act it would have been
16  denied. Thus, the result of the proceedings would not have been different. Strickland,
17  466 U.S. at 694.

18  Accordingly, the Court **DENIES** Petitioner's request for relief.

20  **IV.   CONCLUSION**

21  For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate or
22  reduce her sentence under 28 U.S.C. § 2255.

24  **IT IS SO ORDERED.**

26  DATED: February 17, 2010

_____
Hon. Thomas J. Whelan
United States District Judge