UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN J. HANES,<br><br>                   Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | CASE NO. 04-CR-604 W<br>            09-CV-1473 W<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

The Ninth Circuit has ordered this Court to either grant or deny a certificate of appealability ("COA") in the instant case. (Doc. No. 459.) The Court decides the matter without oral argument. See S.D. Cal. Civ. R. 7.1.(d.1). And for the reasons discussed below, the Court **DENIES** Petitioner a COA.

I. BACKGROUND

On March 21, 2008, a jury found Petitioner Kathryn J. Hanes ("Petitioner") guilty of one count of conspiracy and four counts of tax evasion. (Doc. No. 252.) On November 17, 2008, this Court entered the judgment in Petitioner's criminal case. (Doc. No. 341.) She was ordered to surrender herself to the United States Bureau of Prisons for a term of 18 months. (Id.)

Once in custody, Petitioner, proceeding *pro se*, commenced habeas corpus proceedings pursuant to 28 U.S.C. § 2255. On March 3, 2010, this Court denied the requested relief. (Doc. No. 455.) Petitioner appealed. And on May 17, 2010, the Ninth

Circuit remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability ("COA"). (Doc. No. 459.)

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a...habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

## III. DISCUSSION

Petitioner asserted two issues in her 2255 motion. First, she argued that the Government had violated the Speedy Trial Act when it failed to bring her to trial by October 3, 2004. Second, Petitioner claimed that the failure by her court-appointed attorney to file a pre-trial motion to dismiss her case on this ground constituted ineffective assistance of counsel ("IAC"). The Court strongly disagreed with both arguments.

The delays in Petitioner's case were caused almost exclusively by the defense. In

one particular instance, Mr. Johnson (Petitioner's trial attorney) requested a continuance – over Government objection – in order to properly assemble trial exhibits out of 300,000 pages of discovery. (Doc. No. 453 at 3.)  Thus, this Court concluded that a motion to dismiss the indictment before trial pursuant to the Speedy Trial Act would not have been meritorious. Barker, 407 at 530-533; See also 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A).

In regards to the IAC claim, Petitioner failed to show that the delays in her case were not simply tactical decisions. See Taylor v. Illinois, 484 U.S. 400, 418 (1988)(stating that "the adversary process could not function effectively if every tactical decision required client approval.") And given the complexity of this case, the Court concluded that it was objectively reasonable to seek time in which to develop a defense. Even if Mr. Johnson had filed a motion to dismiss based upon a violation of the Speedy Trial Act, it would have been denied.  Thus, the result of the proceedings would not have been different. Strickland, 466 U.S. at 694.

The Court does not believe that reasonable jurists would find the assessment of these two claims debatable or wrong, and thus, **DECLINES** to issue a Certificate of Appealability. See Slack, 529 U.S. at 484.

**IT IS SO ORDERED**

DATED:  May 25, 2010

_____
Hon. Thomas J. Whelan
United States District Judge